UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| USA,<br><br>    Plaintiff,<br><br>    v.<br><br>SEALED,<br><br>    Defendant. | Case No. 3:24-cv-270<br><br>ORDER DENYING MOTION TO PARTIALLY QUASH (ECF NO. 7) |

This case involves a U.S. Department of Labor, Wage and Hour Division ("WHD") investigation of RayCo Drywall for violations of the Fair Labor Standards Act (FLSA). In June 2024, U.S. Magistrate Judge Baldwin signed a warrant for the inspection of the establishment, which WHD executed a few days later. (ECF Nos. 4; 7.) RayCo filed a motion requesting that the Court partially quash the warrant or, in the alternative, suppress and return WHD's review of RayCo's privileged documents. (ECF No. 7.) WHD opposed the motion. (ECF No. 9.) For the following reasons, the Court denies RayCo's motion to quash.

**I.   Facts**

In September 2023, WHD began investigating RayCo for FLSA violations. (ECF No. 9 at 3.) Between September 2023 and February 2024, WHD requested records from RayCo related to the investigation. (*Id.*) RayCo withheld some of these records and provided redacted or incomplete versions of others. (*Id.*) In part because of RayCo's failure to produce documents, WHD applied for a warrant in June 2024, which this Court granted. (*Id.* at 4; ECF Nos. 3, 4.)

The warrant provided that WHD could enter RayCo's premises to inspect and investigate the workplace for violations of the overtime and recordkeeping

1

sections of the FLSA. (ECF No. 4 at 2.) The warrant provided that methods of inspection would include "transcribing, copying, transferring, recording, and downloading (including removing for all such purposes) all relevant records and data in whatever form maintained" and listed the types of records that would be included as relevant. (*Id.* at 2-3.) Finally, the warrant provided that the inspection would be completed within five working days. (*Id.* at 4.)

## II. Discussion

### A. The Warrant is Sufficiently Particular.

RayCo argues that the warrant should be quashed as overbroad and lacking particularity because it is not sufficiently limited to any date range. (ECF No. 7 at 6.) In its motion, RayCo relies on a single case from the Eastern District of Michigan to support its argument. *In re Search of Recs., Info., & Data Associated with 14 Email Addresses Controlled by Google, LLC*, 438 F. Supp. 3d 771 (E.D. Mich. 2020). But as WHD points out, this case involved a criminal warrant and therefore is not instructive to the Court's analysis of the administrative warrant in this case. (ECF No. 9 at 8-9.)

In its reply, RayCo points to more cases that involved criminal search warrants and fails to explain why these should be persuasive in a case involving an administrative warrant. (ECF No. 10 at 5-8 (discussing *United States v. SDI Future Health, Inc.*, 568 F.3d 684 (9th Cir. 2009); *United States v. Smith*, 424 F.3d 992 (9th Cir. 2005); *United States v. Kow*, 58 F.3d 423 (9th Cir. 1995)). In *United States v. SDI Future Health*, the Ninth Circuit specifically noted that a doctrine applicable to administrative searches did not apply to the criminal search at issue in that case. 568 F.3d at 695.

The Fourth Amendment requires warrants to "particularly describe the place to be searched, and the persons or things to be seized." U.S. Const. amend IV. Administrative search warrants generally fall within the purview of the Fourth Amendment. *Camara v. Mun. Ct. of City & Cnty. of San Francisco*, 387 U.S. 523,

534 (1967). However, administrative warrants do not require the same showing of probable cause as criminal search warrants. *Plum Creek Lumber Co. v. Hutton*, 608 F.2d 1283, 1287 (9th Cir. 1979); *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 320 (1978). "For purposes of an administrative search [], probable cause justifying the issuance of a warrant may be based not only on specific evidence of an existing violation but also on a showing that 'reasonable or administrative standards for conducting an . . . inspection are satisfied with respect to a particular [establishment]'". *Marshall*, 436 U.S. at 320 (quoting *Camara v. Municipal Court*, 387 U.S. 523, 538 (1967)).

The warrant here is sufficiently particular to satisfy the Fourth Amendment. The warrant was made pursuant to Section 111(a) of the Fair Labor Standards Act, which gives the Department of Labor broad authority to "investigate and gather data regarding the wages, hours, and other conditions and practices of employment in any industry subject to this chapter" and authority to "enter and inspect such places and such records (and make such transcriptions thereof), question such employees, and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of this chapter, or which may aid in the enforcement of the provisions of this chapter." 29 U.S.C. § 211(a). The warrant in this case specified the premises to be searched, the types of records to be searched, and the methods of inspection. (ECF No. 4 at 2.) RayCo's assertions of overbreadth and particularity are insufficient to render the administrative warrant invalid.

### B. Privilege claims

RayCo also claims that the warrant contains insufficient protections to prevent the review of privileged documents, and requests that the Court order WHD to permit RayCo to review the documents and prepare a privilege log of the document seized. (ECF No. 7 at 7-8.) RayCo fails to provide any authority or

1  caselaw in its motion supporting this argument. (*Id.*)

2  　　　WHD argues that RayCo's vague claims of attorney-client privilege fail to
3  show that heightened protections beyond those contained in the rules of
4  professional conduct are necessary. (ECF No. 9 at 9.) WHD explains that it gave
5  RayCo the opportunity to provide WHD with a privilege log for the seized
6  electronic records, but RayCo refused to do so. (*Id.* at 10.) RayCo contends that
7  many of the documents seized were paper documents which it no longer has
8  access to, and that WHD has not provided a link to review those documents. (ECF
9  No. 10 at 8.)

10  　　　The party asserting the privilege is obliged by federal law to establish the
11  privileged nature of the communications, and, if necessary, to segregate the
12  privileged information from the non-privileged information. *United States v.*
13  *Ruehle,* 583 F.3d 600, 609 (9th Cir. 2009). "Under federal law, the attorney-client
14  privilege is strictly construed." *Id.* RayCo has not identified with particularity
15  which of the documents in WHD's possession are within his claim of privilege.
16  Furthermore, WHD has submitted declarations explaining that they gave RayCo
17  multiple opportunities to identify the privileged information and provide a
18  privilege log for the seized records during and after the execution of the search
19  warrant. (ECF Nos. 9 at 10; 9-2 at 5; 9-3 at 2-4.) WHD has agreed to forgo
20  reviewing the evidence obtained during the search warrant while the parties
21  resolve their concerns over privileged information. (ECF No. 9-4 at 2.) The Court
22  therefore finds that RayCo's concerns over possibly privileged communications
23  may be resolved by the parties and are not sufficient to warrant the relief
24  requested in this motion.

25  //
26  //
27  //
28  //

**III.   Conclusion**

For the foregoing reasons, the Court DENIES RayCo's motion to partially quash (ECF No. 7).

Dated this 22nd day of November 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE